**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7140

WRITER'S EMAIL ADDRESS
marcgreenwald@quinnemanuel.com

November 13, 2019

**VIA ECF AND HAND-DELIVERY**

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2019

Re: **United States v. Jones, S4 17 Cr. 791**

Dear Judge Kaplan:

We write respectfully on behalf of Defendant Theryn Jones to seek the issuance of subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). The proposed subpoenas, which we previously submitted to the Court on November 6, 2019 (*see* Dkt. No. 71), seek certain evidence from the Metropolitan Correctional Center, the Metropolitan Detention Center, USP Allenwood, the New York State Department of Corrections and the New York City Department of Correction regarding potential witnesses at Mr. Jones' upcoming trial. Specifically, the subpoenas seek the individuals' commissary account records, visitor logs, disciplinary records, and rap sheets.

Mr. Jones is entitled to these materials because they will help show that Mr. Jones is an odd man out in this case and, at most, had a passing familiarity with Shaquille Malcolm, his friends, and the people responsible for his death. For example, we understand that some of these individuals received visits and financial support from coconspirators and accomplices, both charged and uncharged, who allegedly played a role in the death of Mr. Malcolm. Another of the individuals was a close friend of Mr. Malcolm who had a physical altercation with one of Mr. Malcolm's alleged killers while both were incarcerated on Rikers Island. But we believe that Mr. Jones will not appear on these individuals' visitor logs, that he will not appear on the list of people who transferred money into their commissary accounts, and that their disciplinary records and rap sheets will not suggest they were members of the gang Mr. Jones allegedly was a member of or that they otherwise had anything to do with Mr. Jones. Mr. Jones' absence from these records is exculpatory because it shows he had nothing to do with Mr. Malcolm or anyone connected to Mr. Malcolm.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Memorandum Endorsement        United States v. Jones, S4 17-cr-791 (LAK)

    Defendant Theryn Jones moves pursuant to Fed R Crim P 17(c) for the issuance of subpoenas, returnable before trial, to the Metropolitan Correctional Center, the Metropolitan Detention Center, USP Allenwood, the New York State Department of Corrections, and the New York City Department of Correction. He describes the proposed subpoenas as seeking prison commissary account records, visitor logs, disciplinary records and rap sheets of a number of individual identified as "potential witnesses" at Jones' upcoming trial. The government opposes the motion.

    As Jones seeks the production of these materials pursuant to Rule 17(c) and in advance of trial, he is obliged to show good cause. Good cause, under established principles, requires a demonstration:

> "(1) That the documents are evidentiary and relevant; (2) That they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence; (3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial; [and] (4) That the application is made in good faith and is not intended as a general fishing expedition." *United States v. Stein*, 488 F. Supp.2d 350, 365-66 (S.D.N.Y. 2007) (quoting *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinfeld, J.) (internal quotation marks omitted).

In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court adopted the *Iozia* test. *Id.* at 698-99.

    The moving defendant has failed to satisfy this test, substantially for the reasons set forth in the government's November 14, 2019 letter. The claim of relevancy, at best, is overbroad. Jones does not address the relevancy of the records he seeks for one or more of the individuals. Nor does he explain why all responsive documents "without regard for date" could possibly be relevant. The types of records sought are subject to the same problem. And the inclusion in the list of requested documents of disciplinary records and rap sheets for potential witnesses, especially without regard for date, more than suggests that these proposed subpoenas are a fishing expedition for impeachment material.

    Accordingly, the motion for the issuance of these subpoenas, returnable before trial, is denied. This ruling is without prejudice to the issuance of proper trial subpoenas, which do not require the Court's advance approval, and without prejudice also to any motions to quash any such subpoenas. Should the defendant seek to proceed in that manner, he might be well advised to reconsider the scope of any materials he seeks.

    SO ORDERED.

Dated:   November 25, 2019

                       _____
                          Lewis A. Kaplan
                       United States District Judge