```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
UNITED STATES OF AMERICA,


                -against-                                    S4 17-cr-0791 (LAK)


THERYN JONES, et al.,

                        Defendants.
------------------------------------------x
```

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        The government's motion to try defendant Jones in leg shackles anchored to the counsel table and concealed from the jurors is granted, substantially for the reasons set forth by the government on the record earlier this week and in the letter motion filed yesterday (Dkt 103). The Court finds that the risk to witnesses, including the correction officer whom Jones previously attacked, and others in the courtroom is substantial given all of the circumstances of this case – effectively a murder case in which Jones faces a possible life sentence if convicted – and that less restrictive means of ensuring safety are not available.

        To be sure, Jones is correct that the government previously consented to a trial without restraints, a position it has reconsidered. It explained, however, that it had not been fully informed about the 2018 assault on the Riker's Island correction officer at the time it gave its consent and has changed its position in light of additional information it has obtained since it did so. I have no reason to question that explanation and do not understand Jones' counsel to question its veracity. And the overriding consideration here is the safety of the trial. I am not prepared to accept an otherwise intolerable risk of violence in the courtroom simply because the government, had it been better informed earlier (as it should have been), would not have consented.

        Moreover, I do not accept Jones' contentions that the *Davis* factors favor his position. The fact that Jones is accused of ordering the victim's murder and thus not of carrying out the fatal shooting with his own hands is unpersuasive. And while I understand Jones' contention that the evidence against him is weak and that he would not risk a significant chance of an acquittal by misbehaving in the courtroom, I am not now prepared to accept it. There appears to be at least a significant chance of conviction and of a possible life sentence. The fact that the government is unaware of any threats by Jones against witnesses *in this case* does not help Jones either. The assault on the correction officer is said to have occurred in retaliation for the officer's role in an arrest of Jones' girlfriend, which (assuming that is why it occurred) is cause for concern for possible retaliation against witnesses in this case.

        The government's letter motion (Dkt 103) is granted.

        SO ORDERED.

Dated:     November 27, 2019

                                              /s/    Lewis A. Kaplan

                                        _____
                                               Lewis A. Kaplan
                                          United States District Judge